**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30322 |
| Plaintiff - Appellee, | D.C. No. CR-09-75-BLG-JDS |
| v. | |
| BRITTANY LEIGH SMITH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted December 7, 2011[**]
Seattle, Washington

Before: McKEOWN and TALLMAN, Circuit Judges, and MOSKOWITZ, District

Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

A jury convicted Brittany Smith of assault resulting in serious bodily injury. The district court found that the victim's injury was "permanent or life-threatening bodily injury." U.S.S.G. § 2A2.2(b)(3)(C). The district court then departed downward from the Guidelines to sentence Smith to 30 months in prison; consequently, it is unclear whether Smith suffered any prejudice from the court's imposition of the seven-point enhancement associated with "permanent or life-threatening bodily injury." We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Smith claims the district court erred by determining that the victim suffered "permanent or life-threatening bodily injury" because the injury did not involve "a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent." U.S.S.G. § 1B1.1 comment. (n.1(J)). Smith argues that the five-point enhancement associated with "serious bodily injury" was the proper enhancement.[1] We review the procedural soundness of the sentence for abuse of discretion. *United States v. Gall*, 552 U.S. 38, 51 (2007).

---

[1] *See* U.S.S.G. § 1B1.1 comment. (n.1(L)) (requiring injury "involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation.").

Dr. Guy Schmidt, the victim's treating physician, testified that the victim's broken femur was "very serious" and "very painful." If left untreated, the injuries "would have caused obvious disfigurement and possible death and were extremely painful." Schmidt did not specifically state that a "substantial risk of death" existed, nor did he clarify that the obvious disfigurement was "likely to be permanent." His failure to parrot the language in note 1(J) to the commentary to U.S.S.G. § 1B1.1, however, does not render the district court's finding an abuse of discretion. Trial testimony made clear that a broken femur is a life-threatening injury that requires emergency surgery. Prior to surgical intervention, broken femurs were associated with a 50 percent mortality rate. This is a substantial risk of death. The district court did not abuse its discretion.

Contrary to Smith's contention, the fact that an injury requires surgery, hospitalization and rehabilitation, thus meeting the definition of "serious bodily injury," does not mean that the injury cannot also qualify as "permanent or life-threatening bodily injury." *See United States v. Tindall*, 519 F.3d 1057, 1064 (10th Cir. 2008) (rejecting argument that "a timely-treated injury cannot be life-threatening"). Whether an injury is "permanent or life-threatening" turns on the nature of the injury, not the nature of the treatment. *Id.*

Smith also claims that the district court erred in failing to appoint a new lawyer for her. We review the denial for an abuse of discretion upon considering three factors: "(1) the timeliness of the motion; (2) the adequacy of the district court's inquiry; and (3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." *United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009).

At Smith's request, her attorney moved to withdraw two months prior to trial. At the beginning of the hearing, the district court advised Smith to stop crying. This admonition, in light of the remainder of the hearing, did not make the environment coercive. Smith took issue with counsel's description of her case as "hopeless." The court noted that "part of a lawyer's duty to a client is to be frank and honest with them." Smith also claimed her counsel had stated that "[e]ither way, I'm getting paid." The court responded that counsel likely was trying to convey that this "wasn't a situation where he made more money if he went to trial as opposed to if he didn't." The district court explained to Smith that its primary concern was whether Smith and her counsel had reached a point where they could not communicate any further. Smith responded: "Yeah. We are still able to communicate. . . . I probably would be telling you a lie if I stated that this is irretrievable communication between us." The court then explained that Smith

4

could raise her concerns again if there was an irretrievable breakdown in the future. Because Smith admitted that no breakdown had occurred, the district court did not abuse its discretion by denying her motion.

Immediately prior to sentencing, Smith filed a pro se request for a new attorney. Given that Smith was represented by counsel, the district court denied the motion and ordered Smith to submit documents through her attorney. In her sentencing memorandum, Smith's counsel referenced the pro se filing and asked the trial court to consider it, but neither Smith nor counsel raised the issue again. Because Smith did not pursue the motion and, at any rate, had not established that appointment of new counsel was necessary, the district court did not abuse its discretion by denying Smith's pro se motion.

**AFFIRMED.**